FILED
SEP 29 2011
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR11 169S |
| GARY WINNER | : |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, GARY WINNER, have reached the following agreement:

1.  Defendant's Obligations.

    a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a five-count Information which charges defendant with two counts of health care fraud, in violation of 18 U.S.C. § 1347, one count of the introduction of an adulterated and misbranded medical device into interstate commerce, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), one count of money laundering, in violation of 18 U.S.C. § 1957, and one criminal forfeiture count, pursuant to 18 U.S.C. § 982(a)(7). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. Defendant further agrees:

    (i) to forfeit all interests in the following specified property up to the amount of

$2,210,152, which is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's health care fraud offenses listed in Counts 1 and 2 of the Information:

> Account number 88048312934 in the name of Paige Enterprises, LLC located at Vanguard Group, 400 Devon Park Drive, Wayne, PA 19087; and

> Account number 915-028991 in the name of Paige Enterprises, LLC located at TD Ameritrade, 4211 South 102nd Street, Omaha, Nebraska 68127.

(ii) Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(ii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

      a. The government will recommend that the Court impose a term of imprisonment at the low end of the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines").

      b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

      c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

      d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3.     Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.     The United States and defendant stipulate and agree to the following facts under the guidelines:

      a.      The intended loss amount pursuant to Guideline section 2B1.1(b)(1) is between $1 million and $2.5 million.

5.      Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.      The maximum statutory penalties for the offense to which defendant is pleading are:

### Counts 1 and 2

Each count 10 years imprisonment, a fine of $250,000, a term of supervised release of 3 years; and a mandatory special assessment of $100.

### Count 3

3 years imprisonment, a fine of $10,000, a term of supervised release of 1 year, and a mandatory special assessment of $100.

### Count 4

10 years imprisonment, a fine of $250,000, a term of supervised release of 3 years, and a mandatory special assessment of $100.

Thus, the total combined maximum statutory penalties for the offenses to which defendant is pleading guilty are: 33 years imprisonment, a fine of $760,000, a term of supervised release of 3 years, and a mandatory special assessment of $400.

7.      Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order

or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

   a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

   c. Defendant has the right to a jury trial;

   d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other

promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16.     Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17.     Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____
GARY WINNER
Defendant

_____
WILLIAM H. KETTELWELL.
Counsel for Defendant

_____
DULCE DONOVAN
Assistant U.S. Attorney

_____
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

9/27/11
Date

9/28/11
Date

9/28/11
Date

09/28/2011
Date